## AMASA RICHERSON *et al.*

*v.*

## MARY E. STERNBURG, Administratrix, etc.

1. EVIDENCE—*statements accompanying act as res gestæ.* In a suit upon a note by the administratrix of an estate, the defendant, in order to prove payment, called a witness to show that he had paid the witness a certain sum for the deceased on account of his indebtedness to the latter: *Held,*

that what the defendant said to the witness at the time of such payment was competent testimony for himself as part of the *res gestæ.*

2. WITNESS—*competency of party to testify in his own behalf as against one suing as administratrix.* A defendant, when sued by an administratrix upon a note given to an intestate, called a witness to prove the payment by him of a debt from the intestate to the witness, and called out what he said at the time of the payment, which went to show that the payment was not made on account of the note sued on, but on account of another debt due from the defendant, and the plaintiff cross-examined upon this point: *Held,* that the defendant was not a competent witness to deny the language attributed to him by the other witness, the case not falling within the exceptions named in the second section of the act of 1867.

3. The exception to the rule excluding a party from testifying, in the second section of the act of 1867, which provides that, when any witness shall, in behalf of any party, testify to any conversation or admission of the adverse party, etc., the latter may testify as to the same matter, has no application when such party's own witness called by him testifies to his statement or admission; nor is the rule affected by the fact that such witness is recalled by the other party, and interrogated more fully as to the same point.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. H. L. RICHARDSON, for the appellants.

Mr. R. E. BARBER, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action on a promissory note, brought by Mary E. Sternburg, administratrix of Philip Sternburg, deceased. She recovered judgment, and the defendants appealed.

The defense set up was payment, and on the trial the defendants called as a witness, David Willard, who, upon his examination in chief, testified as to certain statements made to him by the defendant, Richerson. On the cross-examination he testified to the same statements, and again on the re-examination. He was called for the purpose of proving the payment of a sum of money to himself by Richerson, on account

of a debt due the witness from Sternburg. He proved the payment, but his statement of what Richerson said in connection with the payment went to show that it was not made on account of the note now in suit, but on account of another debt due from Richerson to Sternburg. He was afterwards called by appellee, and repeated the same testimony. The defendant, Richerson, then offered himself as a witness to deny the language which Willard had testified to his using, claiming that he was a competent witness, under the 4th exception to the second section of the statute of 1867, in regard to the testimony of parties. The court held him incompetent, and that ruling is urged as a sufficient reason for reversing the judgment.

The circuit court ruled correctly. The second section of the act of 1867 provides that a party shall not be a witness where the adverse party sues or defends as an executor, administrator, etc., except in certain cases. One of these is, where any witness " shall, in behalf of any party to such action, suit or proceeding, testify to any conversation or admission by any adverse party," etc.

Under this provision it is manifest that if Willard had been called by the plaintiff to prove the admission of Richerson, the latter could then have testified. But he was called by the defendant to testify in his behalf. It was expected, as already stated, to prove by him that defendant had paid to him a certain sum of money on account of the indebtedness to Sternburg evidenced by this note.

What defendant said at the time was competent testimony even for himself, as part of the *res gestæ*, for the purpose of showing why the money was paid.

The defendant called this out, and it proved to be unfavorable to the defense he was making. But the witness was, nevertheless, his witness, testifying in his behalf, as that phrase is used in the statute, and in regard to his own conversation, and not that of the adverse party. The case, therefore,

is clearly not within the fourth exception to the second section of the statute.

Nor can we regard the fact that Willard was subsequently called by the plaintiff for further examination in regard to the circumstances of this payment as so changing the position of the case as to make the defendant a competent witness.

On this examination Willard stated nothing that he had not already stated when called for the defendant. This testimony had been put into the case by the defendant, and the fact that the plaintiff re-called the witness for the purpose of asking him some further questions in regard it, did not change the attitude in which the evidence stood before the court. It was still testimony offered by the defendant in his own behalf, and he could not become a witness merely to contradict it.

It is objected that the court should have ruled out the evidence of Willard in regard to what was said by Cole, but this portion of his testimony was wholly immaterial.

It is also insisted that the verdict is against the weight of the testimony. This was contradictory, and the case is not one where we can order a new trial on that ground.

*Judgment affirmed.*